**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 00-40585
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,


versus


JOSÉ ALFREDO RESENDEZ-MENDEZ,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

May 15, 2001

Before DAVIS, WIENER, and STEWART, Circuit Judges.

WIENER, Circuit Judge:

     Defendant-Appellant José Alfredo Resendez-Mendez ("Resendez")
asks us to vacate his 71-month sentence for illegal reentry that
the district court assessed following our vacatur and remand for
resentencing.  Resendez also asks us to reinstate his original 57-
month sentence for the same crime or, alternatively, to remand
again for resentencing.  We conclude that the district court's
proffered reasons for increasing Resendez's sentence on remand are
not sufficient to rebut the presumption of vindictiveness that
attaches when a harsher sentence is meted out on resentencing

following reversal or vacatur and remand. We therefore vacate Resendez's subsequently imposed 71-month sentence and reinstate his original sentence of 57 months' imprisonment.

I.

FACTS AND PROCEEDINGS

Resendez pleaded guilty to reentering the United States illegally after deportation, in violation of 8 U.S.C.A. § 1326. In exchange for his plea, Plaintiff-Appellee the United States of America ("the Government") agreed to recommend a sentence at the low end of the range determined in accordance with the United States Sentencing Guidelines. Recommending a three-level reduction for acceptance of responsibility, Resendez's presentence report determined the appropriate guideline range to be 57 to 71 months' imprisonment. The district court sentenced him to 57 months, the shortest prison term in his guidelines range, to be followed by a three-year term of supervised release.

We vacated that sentence on appeal because the district court had failed to afford Resendez the opportunity to speak in mitigation of his sentence. On remand, the same judge expressed the opinion that Resendez was inadequately remorseful and resentenced him to 71 months in prison, the longest period in his guideline range, to be followed by a three-year term of supervised release.

Before pronouncing the new sentence, the district court afforded Resendez allocution, asking whether he had anything to say to the court. Resendez responded:

> Yes, Your Honor. I know —— first of all, I would like to apologize again. I know I did wrong. I am here because I didn't know I was going to get this much time. But if I knew that, I wouldn't be talking to you right now, to this Court.
> I know I am not —— I have been illegal here, but also I have done some good things, also. I helped save three lives. Unfortunately couldn't save the fourth one.[1]
> My wife had a work accident and it has been almost a year that I was without a job, and she has trouble struggling to survive with my little daughter. I ask if it will be possible to have a less[ ] harsh sentence.

The court asked Resendez whether he was sure he had nothing else to say, and after some further discussion stated to Resendez's counsel:

> Because having reviewed and heard from your client now in this particular hearing, I am not convinced that he is very sincere and genuine. I am not convinced of that.
> Having given him the opportunity to speak to me, I just don't think he is very —— he is very honest. I really don't.

The defendant responded that he did not understand why the court was "saying that I am not being honest with you. I am real sorry, like I say." The court replied:

> Well, let's not say you are not [sic] dishonest. You don't appear to be very repentant. You don't appear to —— you didn't express any regrets having engaged in this conduct. And that you know is why people have an opportunity to address the Court. You know, they can say

---

[1] Resendez referred to a car accident in which he rescued three drowning victims.

3

something or they don't have to say anything. But it does touch upon a final decision to be made pursuant to the sentencing processes.

I am not impressed with what you told me. I am not convinced and persuaded that you are — you do — you are repentant.

Resendez replied: "I don't know how to say it, but I know I did wrong. I am sorry for it."

After imposing sentence, the court stated:

The Court does notice that I am modifying the sentence I heretofore imposed, but I have already stated of record that I simply had additional time to review the matter. And it is [ac]knowledged that I am doing this at a time when I am not facing sentencing ten or fifteen people at the same time; and, in addition to that, I am not convinced and persuaded from what you have told me that you are truly sorry for the commission of this offense.[2]

Resendez timely perfected this appeal.

II.

ANALYSIS

A.    **Standard of Review**

Although the Government contends that Resendez did not contemporaneously object to the lengthier sentence, our review of the record of the resentencing proves that, to the contrary, he effectively did so.[3]    Therefore, we review <u>de</u> <u>novo</u> whether the court's proffered reasons for increasing the sentence on remand are

---

[2]  Contrary to the implication of this remark, the record reflects that Resendez was sentenced individually in the first instance, not in a group of ten or fifteen defendants.

[3]  After the court pronounced the new sentence, Resendez's counsel stated:  "Your Honor, [ ] we ask the Court to reconsider the issue of the 71 months, as you imposed the original sentence of 57 months."

4

sufficient to overcome the legal presumption that such an increased sentence constitutes vindictiveness.[4]

**B.    Analysis**

In <u>North Carolina v. Pearce</u>,[5] the Supreme Court established the rule that a presumption of vindictiveness attaches any time that a defendant receives a harsher sentence on resentencing by the same judge who imposed the previous sentence.[6]  We noted in <u>United States v. Campbell</u> that the <u>Pearce</u> rule is "a prophylactic one, addressed more to protect future litigants who appeal than to the injustice done in the actual case.  Tolerance of a court's vindictiveness might 'chill' a defendant's right to seek an appeal of her sentence."[7]  Due process requires that a defendant not face increased punishment solely as retribution for successfully appealing a conviction, and also must "be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge."[8]  When a judge imposes a harsher sentence following a

---

[4]   <u>United States v. Campbell</u>, 106 F.3d 64, 66 (5th Cir. 1997).

[5]   395 U.S. 711 (1969), <u>overruled in part on other grounds</u>, <u>Alabama v. Smith</u>, 490 U.S. 794 (1989).

[6]   Although <u>Pearce</u> addressed a harsher sentence imposed on retrial, we also have applied it to resentence on remand.  <u>See</u> <u>Campbell</u>, 106 F.3d at 67 (citing <u>United States v. Vontsteen</u>, 950 F.2d 1086, 1089 n.2 (5th Cir. 1992)).

[7]   <u>Campbell</u>, 106 F.3d at 67.

[8]   <u>Pearce</u>, 395 U.S. at 725.

5

successful appeal, "some reason for the increase must plainly demonstrate that no vindictiveness was involved."[9]

In this case, there is no evidence that the district court was actually motivated by subjective vindictiveness in imposing the harsher sentence on Resendez's second appearance. It is equally plain, however, that the court neither expressed nor indicated any objective reason sufficient to rebut the Pearce presumption of vindictiveness; indeed, no objective reason at all. The great deference we owe to district courts' sentencing is erased by the Pearce presumption when a harsher sentence is imposed on resentencing, and the sentencing court must rebut the presumption of vindictiveness with some objective reason for its reassessment.

In Pearce, the Supreme Court held that a trial judge may impose a new, lengthier sentence

> in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources.[10]

---

[9] United States v. Schoenhoff, 919 F.2d 936, 938 (5th Cir. 1990).

[10] Pearce, 395 U.S. at 723 (citation omitted); see also id. at 726 (holding that reasons for imposing more severe sentence on defendant "must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding").

Our own precedent concerning such information has tended to focus on the defendant's criminal activity. United States v. Scott, for example, centered on new information about the amount of drugs involved in a conspiracy and the defendant's personal involvement in dealing crack cocaine.[11] Similarly, in United States v. Schmeltzer, we upheld a lengthier prison term on resentencing in a case that involved both new convictions on additional charges and an applicable four-level offense increase that had been overlooked by the first probation officer.[12] "The changed circumstances — the convictions for four different charges and the increased offense level — are sufficient objective events and information justifying an increase so as to rebut any presumption of vindictiveness," we wrote.[13]

No similar newly discovered facts, changed circumstances, or post-sentencing occurrences emerged regarding Resendez or his criminal behavior following his original sentencing. We take particular note of the fact that the district court did not rescind its previous grant to Resendez of a three-level reduction for his acceptance of responsibility, despite the court's rejection of

---

[11] 48 F.3d 1389, 1398 (5th Cir. 1995).

[12] United States v. Schmeltzer, 20 F.3d 610, 613 (5th Cir. 1994).

[13] Id.; see also Texas v. McCullough, 475 U.S. 134, 136 (1986) (involving new evidence on retrial that (1) the defendant — not his accomplices — had slashed a murder victim's throat, and (2) the defendant had been released from prison only four months before the killing).

Resendez's expressions of regret and remorse in his allocution as insincere. It is as though the court was requiring the defendant's allocution to justify <u>not</u> increasing the original sentence, a purpose opposite from allocution's opportunity to seek a <u>lesser</u> sentence.

We do not wish to discourage criminal defendants from expressing remorse at allocution, or to impinge on a court's discretion to assess a defendant's sincerity. We hold only that a district court must identify some <u>objective</u> reason or reasons, either occurring or discovered <u>after</u> imposition of the original sentence, to overcome the presumption of vindictiveness and justify a lengthier sentence when it imposes one on remand. Under the circumstances of this case, we hold that the sentencing court's subjective discrediting of the defendant's somewhat ambiguous statements at allocution is objectively inadequate to rebut the presumption of vindictiveness. Those statements, whether or not disingenuous, did not constitute either objective information newly acquired by the court following the original sentencing or sentence-enhancing occurrences post-dating the original sentencing.

III.

CONCLUSION

We re-emphasize that the Supreme Court's legal doctrine of presumed vindictiveness, which we apply today, is an objective one. As such, nothing in this opinion should be read to imply actual or subjective vindictiveness on the part of the sentencing judge,

8

either toward Resendez for his successful appeal or toward this court for our previous reversal and remand. Simply put, a presumption of vindictiveness arises automatically when, on remand following vacatur of sentence, the same judge who imposed the original sentence assesses a stiffer one. For a harsher sentence to stand under such circumstances, the re-sentencing court must articulate specific reasons, grounded in particularized facts that arise either from newly discovered evidence or from events that occur after the original sentencing.

Our remand for failure to grant allocution has no correlation with the presumption of vindictiveness that arose subsequently when the sentence imposed on remand exceeded the original, vacated sentence. Yet Resendez's lack of sincere remorse in his allocution is all that the sentencing court expressed in justification of the increased sentence. As we have explained, reversal of the presumption of vindictiveness and justification of an increased sentence are wholly dependent on the sentencing court's specific verbalization of either new information or subsequent occurrences that objectively support imposition of an enhanced sentence on remand.

We do not take issue with the district court's necessarily subjective credibility call on Resendez's sincerity or truthfulness, either in proffering extenuating circumstances in allocution or in expressing remorse or regret. In this case, however, the sentencer's subjective evaluation of the sincerity of

9

defendant's allocution is neither relevant to the question of vindictiveness nor probative in dispelling it.  Such a subjective determination is not a substitute for objective reasons sufficient to reverse the legal presumption of vindictiveness and justify the harsher sentence.

For the foregoing reasons, therefore, we vacate Resendez's sentence of 71 months in prison and reinstate his original 57-month sentence, to be followed by a three-year term of supervised release.

SENTENCE IMPOSED ON REMAND VACATED; ORIGINAL SENTENCE REINSTATED.