IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-40438

Summary Calendar
_____


UNITED STATES OF AMERICA

Plaintiff - Appellee

v.


GERBER FRANCISCO SURIANO-HERNANDEZ

Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas, Brownsville
No. B-00-CR-103-1
_____

December 21, 2001

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gerber Francisco Suriano-Hernandez, who was convicted after pleading guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326 (1999), appeals his sentence for the second time. In his first appeal, we concluded

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court denied Suriano his right to allocution, and we thus vacated his sentence of 46 months' imprisonment——the minimum imprisonment term of the 46-to-57-month range that the district court found applicable under the U.S. Sentencing Guidelines ("USSG").[1]  On remand, after holding a sentencing hearing at which Suriano was given the opportunity to speak in mitigation of his punishment, the district court imposed a sentence of 57 months' imprisonment——the maximum of the applicable USSG range.[2]

Suriano again appeals his sentence, arguing (1) that the district court resentenced him vindictively in raising his term of imprisonment from the minimum to the maximum of the applicable USSG range and (2) that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000).  The government concedes error on the vindictiveness ground.  We conclude that Suriano's Apprendi claim was disposed of in the prior appeal, but we agree with the parties that the district court's increase of Suriano's sentence created a presumption of vindictiveness which was not rebutted on this record.  Thus we vacate Suriano's sentence and remand for resentencing.

---

[1]  The district court also sentenced Suriano to 3 years' supervised release and imposed a $100 mandatory special assessment.

[2]  The district court imposed the same term of supervised release and mandatory special assessment.

2

In <u>North Carolina v. Pearce</u>, the Supreme Court held that a defendant's constitutional right to due process of law is violated if a judge resentences the defendant to a harsher penalty in retaliation for the defendant's successful attack on the original sentence.  <u>See</u> 395 U.S. 711, 725 (1969). Recognizing that such vindictiveness is inherently difficult to prove, the Court established a presumption of vindictiveness in cases such as the instant case, where a judge imposes a harsher sentence after a defendant successfully challenges the original sentence imposed by the same judge.  <u>See</u> <u>id.</u> at 725 n.20, 726; <u>see also</u> <u>United States v. Resendez-Mendez</u>, 251 F.3d 514, 517 (5th Cir. 2001) ("[A] presumption of vindictiveness attaches any time that a defendant receives a harsher sentence on resentencing by the same judge who imposed the previous sentence."); <u>United States v. Vontsteen</u>, 950 F.2d 1086, 1089 n.2 (5th Cir. 1992) (en banc) (holding that "the <u>Pearce</u> rule applies to a new sentence imposed after appeal whether or not preceded by a new trial"). To defeat the <u>Pearce</u> presumption of vindictiveness, a sentencing judge must give affirmative, objective reasons for the higher sentence based on events occurring <u>after the first sentencing</u> "that may have thrown new light upon the defendant's 'life, health, habits, conduct, and mental and moral propensities.'" <u>Pearce</u>, 395 U.S. at 723 (quoting <u>Williams v. New York</u>, 337 U.S. 241, 245 (1949)).  Specifically, the district court's reasons must be based on "either objective information newly acquired by

3

the court following the original sentencing or sentence-enhancing occurrences post-dating the original sentencing." Resendez-Mendez, 251 F.3d at 518.

Suriano timely objected to the district court's increase of his sentence on remand from this court. We review de novo whether a district court's proffered reasons for imposing an increased sentence after reversal or vacatur and remand are sufficient to rebut the Pearce presumption of vindictiveness. See United States v. Campbell, 106 F.3d 64, 66 (5th Cir. 1997); see also Resendez-Mendez, 251 F.3d at 517 ("The great deference we owe to district courts' sentencing is erased by the Pearce presumption when a harsher sentence is imposed on resentencing."). The facts relied on by a judge in imposing a harsher sentence on resentencing must appear in the record, "so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." Pearce, 395 U.S. at 726.

In the instant case, the district court gave two reasons for its decision to impose a harsher sentence on Suriano. First, the district judge stated that the resentencing permitted him to undertake a more careful analysis of the "particulars" of the case. However, the district judge did not have any new "particulars" before him on resentencing. The judge relied on the same presentence report that he relied on in the original sentencing, and no newly-acquired information or post-sentence conduct was added to the record between the original sentencing

4

and the resentencing.  Reevaluation of the same "particulars" of a case that were in the record used for the original sentencing is not a legitimate ground for imposing a harsher penalty on resentencing.  See Pearce, 395 U.S. at 723, 726.

Second, the district judge explained that a harsher sentence was warranted because the resentencing provided him with "the benefit of hearing from [Suriano]," which failed to "convince[] [him] that [Suriano] is repentant."  In Resendez-Mendez, a vindictive-sentencing case involving facts substantially similar to those involved in the instant case, we made clear that "the sentencer's subjective evaluation of the sincerity of defendant's allocution is neither relevant to the question of vindictiveness nor probative in dispelling it."  251 F.3d at 519.  We noted further that in thus relying on a determination that a defendant's allocution is insincere to impose an increased sentence, "[i]t is as though the court was requiring the defendant's allocution to justify not increasing the original sentence, a purpose opposite from allocution's opportunity to seek a lesser sentence."  Id. at 518.

Because, as both parties agree, neither of the district judge's purported reasons for imposing a harsher sentence on resentencing is an "objective reason . . . either occurring or discovered after imposition of the original sentence," we presume that the district judge acted vindictively in meting out the harsher sentence, a presumption which has not been rebutted.  Id.

5

Accordingly, we vacate Suriano's sentence and remand for resentencing.  Suriano has asked that we remand to a different judge.  We decline.  We are confident that the district judge will, after allocution and consideration of Suriano's request for a downward departure, impose a lawful sentence.

The sentence imposed on remand is VACATED and the case is remanded for resentencing.