**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2013

No. 12-30056

Lyle W. Cayce
Clerk

GENARO GONZALES,

Petitioner-Appellant

v.

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 11-cv-1846

Before JONES and CLEMENT, Circuit Judges, and KAZEN, District Judge.[*]
PER CURIAM:[**]

Petitioner-Appellant Genaro Gonzales received a 40-year sentence in Louisiana state court for attempted second-degree murder. Following the denials of his direct appeal and petition for a writ of habeas corpus in the state courts, Gonzales petitioned for habeas relief in the United States District Court for the Eastern District of Louisiana. Gonzales sought relief on the basis that, among other things, the trial judge vindictively imposed an increased sentence

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30056

solely on account of Gonzales's decision to proceed to trial in lieu of accepting the state's plea deal. The district court dismissed Gonzales's petition, and we AFFIRM.

## I. FACTUAL BACKGROUND

Petitioner-Appellant Genaro Gonzales was convicted by a jury of attempted second-degree murder of Camille Tarver. At trial, Tarver testified that she and Gonzales dated for a few months in 2004 until she broke off their relationship. In January 2005, Tarver was waiting for the streetcar in New Orleans to go to work when Gonzales approached and asked if they could talk. She became upset and boarded the streetcar, leaving Gonzales behind. Later that night, after finishing her shift at work, Tarver proceeded to walk home along her usual route when Gonzales jumped from behind some bushes and attacked her. Gonzales threw Tarver to the ground, took out a knife, and stabbed her multiple times. At one point during the struggle, Tarver was able to push Gonzales away and to run into the street screaming. A car stopped to help, Tarver jumped in, and the driver immediately took her to the Hospital.

Upon arriving at the hospital, Tarver was told she needed emergency surgery. She had suffered three stab wounds, one of which was life threatening. The life-threatening wound was located just below Tarver's breast bone, and was so large and deep that her liver and stomach could be seen at the base of the wound. Tarver's surgeon later testified at trial that the knife had severed a major artery, and that Tarver probably would have died if she had not been taken to the hospital at that time.

Just before Tarver went into surgery, she identified Gonzales as her attacker, gave a police officer Gonzales's name and address, and informed the officer that Gonzales had family in New York. Gonzales was ultimately apprehended and offered an opportunity to plead guilty in exchange for a

2

No. 12-30056

sentence of 20 years' imprisonment. Gonzales rejected the offer, and, following a one-day jury trial, was convicted of attempted second-degree murder. Gonzales ultimately was sentenced to 40 years' imprisonment.

After unsuccessfully seeking direct review of his conviction and sentence in the Louisiana Court of Appeal and the Louisiana Supreme Court, Gonzales filed an application for post-conviction relief. In his petition, Gonzales alleged several grounds for relief that were ultimately denied by the Louisiana district court and the Louisiana Court of Appeal. Gonzales then filed a 28 U.S.C. § 2254 habeas petition raising the same claims in federal district court. The district court judge construed Gonzales's argument as a claim that the 40-year sentence was disproportionately severe in comparison to the 20-year sentence that he had been offered prior to trial as part of the plea deal. The court then analyzed the proportionality of the sentence under the Eighth Amendment and denied Gonzales relief. This court granted a Certificate of Appealability only as to whether Gonzales's 40-year sentence violated the Eighth Amendment due to the trial judge's alleged imposition of a more severe sentence after Gonzales exercised his right to a jury trial.

## II. STANDARD OF REVIEW

The standard of review for federal courts in habeas cases is statutorily defined by 28 U.S.C. § 2254(d), the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *McCamey v. Epps*, 658 F.3d 491, 496 (5th Cir. 2011). Under AEDPA, federal courts cannot grant a habeas petition regarding a claim adjudicated on the merits in state court unless that adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

No. 12-30056

proceeding." *Woodward v. Epps*, 580 F.3d 318, 325 (5th Cir. 2009) (quoting 28 U.S.C. §§ 2254(d)(1)–(2)).

On appeal from the denial of habeas relief in the context of a claim under AEDPA, "we review the district court's findings of fact for clear error and review its conclusions of law de novo, applying the same standard of review to the state court's decision as the district court." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (internal quotation omitted).

## III. ANALYSIS

Gonzales contends that the Louisiana Court of Appeal's decision denying him postconviction relief involved an unreasonable application of federal law. According to Gonzales, the trial court vindictively imposed a 40-year sentence (rather than the 20-year sentence he had been offered earlier) to punish him for refusing to plead guilty and proceeding with a jury trial. His support for that claim relies on the discrepancy between the sentence he was offered as part of a plea deal and the sentence he ultimately received, and on two statements of the trial court judge referring to Gonzales's refusal to plead guilty.

*A. Post-Trial Sentence Enhancement*

A defendant challenging the imposition of an elevated sentence is, in certain situations, entitled to a presumption of vindictiveness where the trial court has made no affirmative showing of reasons sufficient to warrant the increase in his sentence after trial. *See Alabama v. Smith*, 490 U.S. 784, 798–99 (1989) ("[W]henever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for him doing so must affirmatively appear. . . . Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purpose." (internal quotation marks omitted)); *see also North Carolina v. Pearce*, 395 U.S. 711, 723 (1969)*, overruled on other grounds by Smith*, 490 U.S. 794. This presumption "is a prophylactic rule designed to

4

protect a defendant's due process rights where a danger exists that the government might retaliate against him for exercising a legal right." *United States v. Saltzman*, 537 F.3d 353, 359 (5th Cir. 2008). It applies "only where there exists a 'reasonable likelihood that the increased sentence is the product of actual vindictiveness' and 'where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.'" *United States v. Reinhart*, 442 F.3d 857, 860 (5th Cir. 2006) (quoting *Smith*, 490 U.S. at 794).

Gonzales first alleges that the trial court's imposition of a harsher sentence after trial demonstrates that he was being punished for exercising his right to stand trial. This claim alone does not create a presumption of vindictiveness. The Fifth Circuit, sitting en banc, determined that this presumption is "completely inapplicable to post-plea bargain proceedings." *Frank v. Blackburn*, 646 F.2d 873, 885 (5th Cir. 1980) (en banc) *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).[1] In such situations, a defendant must demonstrate that there was a reasonable likelihood that the increase in his sentence was due to *actual* vindictiveness. *See United States v. Rodriguez*, 602 F.3d 346, 359 (5th Cir. 2010). Gonzales ultimately rejected the state's offer to plead guilty and instead chose to contest his guilt by taking his chances at trial. Once a plea deal has been rejected:

> [T]he defendant cannot complain that the denial of the rejected offer constitutes a punishment or is evidence of judicial vindictiveness. To accept such an argument is to ignore completely the underlying philosophy and purposes of the plea bargaining system. If a

---

[1] Although the Supreme Court has not directly addressed this issue, in *Smith,* 490 U.S. 794, it declined to apply the presumption of vindictiveness where the defendant appealed his guilty plea, went to trial, and received a longer sentence than was originally imposed. The Court concluded that "when a greater penalty is imposed after trial than was imposed after a prior guilty plea, the increase in sentence is not more likely than not attributable to vindictiveness on the part of the sentencing judge." *Id.* at 801.

defendant can successfully demand the same leniency after standing trial that was offered to him prior to trial in exchange for a guilty plea, all the incentives to plea bargain disappear; the defendant has nothing to lose by going to trial.

*Frank*, 646 F.2d at 883.  Thus, the mere imposition of a harsher sentence after trial than was offered during plea negotiations does not warrant a presumption that the trial judge sought to punish Gonzales for exercising his right to stand trial absent some other indicia of actual vindictiveness.

Additionally, the imposition of an increased sentence after trial is often warranted by the presentation of evidence at trial that was not previously available during the plea negotiations.  *See, e.g., Smith*, 490 U.S. at 796–97 ("The trial court explained that it was imposing a harsher sentence than it had imposed following respondent's guilty plea because the evidence presented at trial, of which it had been unaware at the time it imposed sentence on the guilty plea, convinced it that the original sentence had been too lenient.").  At Gonzales's sentencing, the trial judge recalled the course of the trial and the nature of the evidence presented, particularly the testimony of Tarver and the surgeon.[2]  The judge also noted that he could not "find anything at all to say in mitigation about [Gonzales], about his actions" which "clearly evidenced an intent to kill [Tarver]."  Gonzales's crime, concluded the trial judge, "clearly [couldn't] be thought of as a crime of provocation. The idea of premeditation and a desire to terminate [Tarver's] life just screams out."  At sentencing, the trial judge made clear that the evidence presented at trial shed new light on Gonzales's character and the heinous nature of his crime.  These comments are more than sufficient to show that the Louisiana Court of Appeal did not unreasonably apply Supreme Court precedent in determining that Gonzales's

---

[2]  The trial court stated that "[t]he testimony of [Tarver] itself was—was extremely significant; quite compelling.  But it was no match for the testimony of the emergency room surgeon, a young doctor who testified before the Jury in this court."

sentence was based on factors other than the trial judge's alleged vindictiveness.

*B. Comments Made by the Trial Judge at Sentencing*

Gonzales also argues that two statements made by the trial court at sentencing suggest that the court took his decision to stand trial into account when fashioning his sentence. One of these statements could perhaps raise a specter of vindictiveness, but since the trial court proffered alternative rationales for Gonzales's sentence, this claim fails.

In discussing his decision to impose a 40-year sentence on Gonzales, the trial judge observed that:

> [T]his Court did offer [Gonzales] . . . the opportunity to admit his guilt, and to serve a term of 20 years. [Gonzales] chose to turn that down, and thus the question is asked: Is a judge allowed to give someone a greater sentence after the case has been heard, the trial testimony taken, and the verdict rendered by judge or jury? Or is a judge prohibited from doing that, because to do so would have a chilling effect on the right of a defendant to have trial?
>
> The law has answered that it is not improper for a Court to consider whether or not a plea offer was indeed rejected and trial followed. The law as I appreciate it views the initial offer [as] more of a reward than it does view a subsequent greater sentence following trial as being a punishment.

Contrary to Gonzales's contentions, these initial statements do not indicate that the judge acted vindictively during sentencing. Instead, the trial judge merely recognized that the imposition of an increased sentence after trial is often justifiable since the bargained-for leniency inherent in the plea negotiation process is not available once a trial has been held. *See Smith*, 490 U.S. at 802–03 (recognizing that "the same mutual interests that support the practice of plea bargaining to avoid trial may also be pursued directly by providing for a more lenient sentence if the defendant pleads guilty"). In refusing to plead guilty, Gonzales assumed the risk of a conviction and ultimately, a harsher sentence. The trial judge's statements acknowledge this

reality without suggesting that Gonzales was being punished solely for his decision to stand trial.

Additional comments made by the trial judge at sentencing, however, might suggest that the judge sought, at least in part, to punish Gonzales for the exercise of his constitutional right to trial. The trial judge found it "difficult . . . to sit and watch [Tarver] have to travel all the way back from Korea . . . and give testimony." By attending trial, Tarver was forced "to have to repeat and relive that nightmare [of the attack], literally a nightmare," a consideration that the trial judge expressly "weigh[ed] against the defendant in choosing the sentence [to] be imposed." These comments—made in the context of the trial judge's explanation of the reasons for imposing a 40-year sentence on Gonzales—if viewed in isolation, might indicate that the court was punishing Gonzales for choosing to go to trial rather than plead guilty.

Even if a defendant's claim presents some indicia of possible vindictiveness, it can be rebutted by a showing that the trial court based the defendant's sentence on "some objective reason or reasons," occurring some time after the defendant declined to plead guilty, "to overcome the presumption of vindictiveness and justify a lengthier sentence." *United States v. Resendez-Mendez*, 251 F.3d 514, 518 (5th Cir. 2001). Such objective evidence includes any "events subsequent to the first trial that may have thrown new light upon the defendant's life, health, habits, conduct, and mental and moral propensities." *Pearce*, 395 U.S. at 723 (internal quotation marks omitted). The trial court satisfied its burden to provide this justification when it listed numerous reasons for rejecting a 20-year sentence in favor of a longer, 40-year sentence. As discussed above in Section III(A), *supra*, the sentencing transcript reveals that the trial court focused on the lack of mitigating evidence and the violent nature of Gonzales's crime in deciding on an appropriate sentence. This

No. 12-30056

objective evidence justifies the trial court's decision and is sufficient to rebut Gonzales's claim of actual vindictiveness.

## IV. CONCLUSION

The trial court's imposition of a harsher sentence after Gonzales's trial than was offered during plea negotiations did not raise a presumption of vindictiveness. Nor did the trial court's reference to Gonzales's decision to refuse the plea deal constitute actual vindictiveness. The trial court's comment on the burden imposed on Tarver by virtue of Gonzales's decision to stand trial raises a slightly closer question. However, as the trial court proffered several other justifications for its sentencing decision, we decline to hold that it unreasonably applied Supreme Court precedent in dismissing Gonzales's petition. We therefore AFFIRM.