# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 20, 2013

Lyle W. Cayce
Clerk

No. 12-40957
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS MONTALVO-RODRIGUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-609-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Proceeding *in forma pauperis* and represented by appointed counsel, Jesus Montalvo-Rodriguez challenges only the substantive reasonableness of his 70-month sentence, imposed on remand for re-sentencing. As discussed *infra*, he failed to raise this issue in district court.

After pleading guilty to having been found unlawfully present in the United States following a prior deportation, in violation of 8 U.S.C. § 1326, Montalvo received a sentence, *inter alia*, of 46 months imprisonment. Our court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

vacated that sentence and remanded for re-sentencing because Montalvo had been denied his right to allocution.

On remand, a new presentence investigation report (PSR) was prepared in the light of Montalvo's August 2011 state-court conviction for possession of between 50 and 2,000 pounds of marijuana. That conviction and a prior illegal-entry conviction the probation officer overlooked in preparing the initial PSR increased Montalvo's advisory Guidelines sentencing range to 70 to 87 months. Montalvo was sentenced, *inter alia*, to 70 months of imprisonment, the low end of the advisory range. He challenges the substantive reasonableness of his within-Guidelines sentence.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, for issues preserved in the district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Montalvo does not claim procedural error; he maintains only that his sentence is not reasonable.

As noted, Montalvo did not object in district court to the reasonableness of his sentence. When defendant fails to so object, review is only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). (Montalvo challenges use of plain-error review for not objecting in district court to the reasonableness of his sentence. He concedes this issue is foreclosed and presents it only to preserve it for possible future review.)

Under the plain-error standard, Montalvo must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he shows such reversible plain error, we have

the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.* His challenge fails.

In considering reasonableness, "[a] discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable". *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).   (Montalvo acknowledges our court's application of the presumption of reasonableness to a within-Guidelines sentence; but, to preserve the issue for possible future review, he challenges this presumption as applied to sentences under Guideline § 2L1.2 (unlawfully entering or remaining in the United States).)   A district court may impose a lengthier sentence on remand if new events or conduct comes to light in the interim. *See United States v. Resendez-Mendez*, 251 F.3d 514, 517-18 (5th Cir. 2001).

The record reflects that the district court made an individualized determination at re-sentencing that a 70-month sentence was appropriate in the light of the facts presented. *See Gall*, 552 U.S. at 49-51.   The court considered information regarding Montalvo's reasons for illegally reentering this country, his subsequent state conviction for possession of between 50 and 2,000 pounds of marijuana, his request for a downward variance, his postsentencing efforts at self-improvement, and the 18 U.S.C. § 3553(a) sentencing factors.   Montalvo's disagreement with the court's weighing of the § 3553(a) factors and his "disagreement with the propriety of the sentence imposed do[] not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence". *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.