# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 14, 2020

Lyle W. Cayce
Clerk

No. 19-20709

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Jones,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-639-2

Before Graves, Costa, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Christopher Jones pleaded guilty to aiding and abetting interference with commerce by robbery, also known as Hobbs Act Robbery (Count One), in violation of 18 U.S.C. §§ 2 and 1951(a), and aiding and abetting the discharge of a firearm during and in relationship to a crime of violence (Count Two), in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(iii). The district court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentenced Jones to a within-guidelines term of 87 months of imprisonment for Count One and a mandatory minimum term of 120 months of imprisonment for Count Two, both to run consecutively, for a total of 207 months of imprisonment.

Jones filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255, arguing that his defense counsel provided ineffective assistance in failing to seek withdrawal of his Count Two guilty plea when the evidence showed that Jones did not discharge a firearm during the robbery. The district court appointed new counsel to represent Jones during his § 2255 proceedings, conducted an evidentiary hearing, and permitted Jones to amend and supplement his § 2255 motion to raise an alternative due process claim. The district court granted Jones's motion, vacating his Count Two conviction and sentence for insufficient factual basis to support his guilty plea.

Jones was re-arraigned on Count One (Hobbs Act robbery) and an amended Count Two, which now charged him with aiding and abetting the brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Jones pleaded guilty to both counts. The district court sentenced Jones to an above-guidelines term of 96 months of imprisonment on Count One[1] and a mandatory minimum term of 84 months of imprisonment on Count Two, both to run consecutively, for a total

---

[1] The district court did not vacate Jones's conviction and sentence as to Count One. The record is unclear as to why the district court accepted a new plea and resentenced Jones on Count One. Jones did not object to the reconsideration of Count One at re-arraignment or resentencing. Further, neither party briefed this issue on appeal. In any event, the district court did not err, because "the aggregate sentence must be unbundled, and the defendant must be resentenced on all counts" where, as here, a conviction is vacated on fewer than all counts and the counts are "interrelated or interdependent," such that "reversal of the sentence on one count *necessarily* requires the review of the entire sentence." *United States v. Clark*, 816 F.3d 350, 360 (5th Cir. 2016) (emphasis in original).

of 180 months of imprisonment. Jones objected to his Count One sentence—nine months higher than his original sentence on that same count—arguing that it punished him for his successful § 2255 motion. The district court overruled the objection, citing Jones's criminal history as its basis for the Count One sentence and noting that Jones's overall sentence was reduced on resentencing.

Jones now appeals his sentence as a violation of his due process rights resulting from judicial vindictiveness. Because he objected on this basis at resentencing, we review his challenge *de novo*. *See United States v. Resendez-Mendez*, 251 F.3d 514, 517 (5th Cir. 2001).

We apply a presumption of vindictiveness where a defendant receives a harsher sentence on resentencing by the same judge who imposed the original sentence. *See id*. (citing to *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)). Where, as here, a defendant's sentence is based on multiple related counts, this court applies an "aggregate approach" to determine whether the *Pearce* presumption is triggered. *United States v. Campbell*, 106 F.3d 64, 68-69 (5th Cir. 1997). Under this approach, if a defendant's aggregate sentence at resentencing is more severe than his original aggregate sentence, then the new sentence is presumptively vindictive. *Id*. at 69.[2] Because Jones's aggregate sentence at resentencing (180 months) is less severe than his

---

[2] The aggregate approach does not apply to situations "where the counts are not related, or where it otherwise appears that the package approach was not utilized at the initial sentencing, or where the district court does not give an explanation for its resentencing which is nonvindictive and not plainly unreasonable in light of the record as a whole." *Campbell*, 106 F.3d at 68 n.4; *see also United States v. Teel*, 691 F.3d 578, 585-86 (5th Cir. 2012). No exception applies here, because Jones's counts are related, the record indicates the district court used a package approach at the initial sentencing, and the district court explained that Jones's new sentence was based on his criminal history—a nonvindictive, reasonable explanation that is well-documented in the record.

original aggregate sentence (207 months), no presumption of vindictiveness arises. *Id.*

"Where the prophylactic rule of *Pearce* does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing." *Texas v. McCullough*, 475 U.S. 134, 138 (1986); *see also Smith*, 490 U.S. at 799-800 (1989). Examples of actual vindictiveness include "a judge's unarticulated resentment at having been reversed on appeal, or his subjective institutional interest in discouraging meritless appeals." *Michigan v. Payne*, 412 U.S. 47, 52-53 (1973).

Jones contends that the district judge exhibited actual vindictiveness by relying on facts previously available at his original sentencing as the basis for the harsher Count One sentence at resentencing. In support of this contention, Jones cites this court's unpublished decision in *United States v. Suriano-Hernandez*, 2001 WL 1751451 (5th Cir. Dec. 21, 2001).[3] In that case, which involved only a single count of conviction, this court applied *Pearce*'s presumption of vindictiveness because the defendant received a harsher sentence at resentencing than at the original sentencing. *Suriano-Hernandez*, 2001 WL 1751451, at *1. Once the *Pearce* presumption is applied, "[t]he great deference [this court] owe[s] to district courts' sentencing is erased." *Resendez-Mendez*, 251 F.3d at 517. Accordingly, this court examined the district court's reasons for imposing a harsher sentence at resentencing and determined that, because they were not objective reasons with bases that either occurred or were discovered after imposition of the original sentence, they failed to rebut the *Pearce* presumption. *Suriano-Hernandez*, 2001 WL 1751451, at * 2.

---

[3] Pursuant to 5TH CIR. R. 47.5.4, unpublished opinions issued on or after January 1, 1996, are not precedent except under limited circumstances not applicable in this case.

Jones analogizes *Suriano-Hernandez* to this case, arguing that the district court was aware of the same criminal history at both of his sentencing proceedings, and no new criminal conduct occurred or was discovered in the interim period.  Even assuming the district court's reasoning in this case is equivalent to that of *Suriano-Hernandez*, the *Suriano-Hernandez* holding merely shows that the district court's basis for Jones's harsher Count One sentence was insufficient to rebut a presumption of vindictiveness.  2001 WL 1751451, at *2.  Because *Suriano-Hernandez* did not address actual vindictiveness, its holding does not support Jones's conclusion that the district court's reliance on Jones's previously available criminal history at resentencing demonstrated actual vindictiveness.

Jones further contends that the district judge's embarrassment and resentment following Jones's successful § 2255 motion provided motive for actual vindictiveness.  In *McCullough*, a defendant similarly challenged his judge-imposed sentence on retrial as vindictive because it was greater than his original jury-imposed sentence, which had been invalidated when the trial court granted the defendant's motion for new trial based on prosecutorial misconduct.  475 U.S. at 135-36.  Noting that "vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences after a new trial," the Supreme Court refused to apply the *Pearce* presumption in that case because "[g]ranting McCullough's motion for a new trial hardly suggests any vindictiveness on the part of the judge towards him" and "[u]nlike the judge who has been reversed, the trial judge here had no motivation to engage in self-vindication." *Id*. at 138-39 (internal quotation marks and citation omitted).

Like the circumstances in *McCullough*, the procedural history of this case shows the district judge lacked a clear motive for self-vindication.  Although the district judge erred in accepting a guilty plea on the firearm discharge count without adequate factual basis, he rectified that error by (1)

No. 19-20709

appointing counsel to represent Jones in his § 2255 proceedings; (2) conducting an evidentiary hearing on the § 2255 motion; (3) permitting Jones to amend and supplement his § 2255 motion to raise a more appropriate due process claim—even providing Jones with applicable caselaw to argue the claim; and (4) granting Jones's § 2255 motion and vacating the firearm discharge conviction and sentence. Moreover, there is no indication of embarrassment or resentment by the district judge in the resentencing transcript. Thus, the procedural history of this case is inconsistent with a conclusion of actual vindictiveness.

Accordingly, the judgment of the district court on resentencing is AFFIRMED.