# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-20028
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jarred Adams,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CR-355-1

---

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jarred Adams pleaded guilty to two counts of aiding and abetting interference with commerce by robbery, one count of aiding and abetting the discharge of a firearm during a crime of violence, and one count of aiding and abetting the brandishing of a firearm during a crime of violence. At Adams's original sentencing, the district court imposed a total sentence of 281 months

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20028

of imprisonment, which was the bottom of the aggregate guidelines range. On appeal, we vacated and remanded Adams's sentence because the district court erred by applying a six-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(3)(C). *United States v. Cox*, Nos. 22-20636, 22-20658, 2023 WL 6162777 (5th Cir. Sept. 21, 2023) (unpublished). The district court resentenced Adams at the top of the recalculated aggregate guidelines range to a total of 275 months of imprisonment.

Adams now appeals from that sentence and argues that because his new sentence is more severe than his original sentence, a presumption of judicial vindictiveness should apply. Because he objected on this basis at sentencing, we review his challenge de novo. *See United States v. Resendez-Mendez*, 251 F.3d 514, 517 (5th Cir. 2001).

We apply a presumption of vindictiveness when a defendant receives a harsher sentence on resentencing by the same judge who imposed the original sentence. *Id.* (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled in part on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)). Where, as here, the defendant's sentence is based on multiple related counts, we use the aggregate package approach to "compare the total original sentence to the total sentence after resentencing." *United States v. Campbell*, 106 F.3d 64, 68 (5th Cir. 1997). Because Adams's aggregate sentence at resentencing was not greater than the aggregate original sentence, the *Pearce* presumption of vindictiveness is not applicable. *See id.* at 68-69.

AFFIRMED.