# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11240
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GLEN MICHAEL COOK,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CR-41-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Glen Michael Cook was charged with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting both of the underlying offenses in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. §§ 2, 924(c). Cook moved to suppress the evidence obtained during a warrantless search and seizure. Cook waived his right to a jury trial, and the district court held a joint

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11240

hearing on suppression and trial.  The only disputed issue at trial was the legality of the *Terry*[1] stop and subsequent pat-down search of Cook, which led to the discovery of a canister containing 32 distribution packets of methamphetamine.  After denying Cook's motion to suppress, the court found Cook guilty as charged.  The court sentenced Cook to a total term of imprisonment of 123 months, followed by concurrent 3-year terms of supervised release.  Cook filed a timely notice of appeal.

In his first issue on appeal, Cook argues that the district court erred in denying his motion to suppress.  When reviewing a denial of a motion to suppress evidence, this court reviews factual findings for clear error and the ultimate constitutionality of law enforcement's action *de novo*.  *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010).  In addition to deferring to the district court's factual findings, this court must view the evidence in the light most favorable to the prevailing party.  *United States v. Hearn*, 563 F.3d 95, 101 (5th Cir. 2009).

According to Cook, the investigative stop and subsequent pat-down search were unsupported by reasonable suspicion of criminal activity or a reasonable belief that Cook was dangerous.  He points out that the only facts that the officer had when he stopped Cook for questioning was that Cook was apparently lawfully in possession of a firearm.  Cook suggests that if the officer's conduct in this case is condoned, then every citizen in Texas will be subject to a *Terry* stop based solely on the lawful possession of a firearm.

This argument ignores the totality of the circumstances surrounding the stop.  The officer had reasonable suspicion that criminal activity was underfoot when he stopped Cook for questioning after Cook left a .38 caliber revolver in a stranger's car.  It is well established that a police officer who is reasonably

---

[1] *Terry v. Ohio,* 392 U.S. 1 (1968).

suspicious that criminal activity "may be afoot" is permitted to briefly detain a person to investigate the suspicious circumstances. *Terry*, 392 U.S. at 30. As such, the officer was justified in stopping Cook and investigating further in light of the suspicious nature of Cook's conduct.

Cook also challenges the voluntariness of his consent to the pat-down search. As the Government points out, though, Cook conceded this point before the district court. This court has held that "failure to raise *specific issues or arguments* in pre-trial suppression proceedings operates as a waiver of those issues or arguments for appeal." *United States v. Pope*, 467 F.3d 912, 918-19 (5th Cir. 2006) (emphasis in original). As such, Cook has waived any challenge to the district court's factual finding of voluntary consent to the pat-down search.[2]

Alternatively, Cook argues that, even if he gave valid consent, the officer exceeded the scope of a pat-down search for weapons when he opened the canister containing the distribution packets of methamphetamine. This court has recognized that a *Terry* pat-down search may continue "so long as an officer is investigating an object that reasonably may be a weapon." *United States v. Maldonado*, 42 F.3d 906, 909 (5th Cir. 1995).

The officer testified that he "felt a hard cylindrical object in [Cook's] pocket." He further testified on cross-examination that while a canister was not a weapon, it "could contain a weapon," such as a knife or an explosive device. The district court credited the officer's testimony and found that the officer's conclusion that the canister could have contained a weapon was "not unreasonable." Cook complains that the canister could not possibly have

---

[2] Cook also argues that even if his consent was voluntary, it was not an independent act of free will. Because his consent was not given during an illegal stop, however, the court need not consider this prong of the consent inquiry. *See United States v. Khanalizadeh*, 493 F.3d 479, 484 (5th Cir. 2007) (declining to address whether consent was an independent act of free will where no constitutional violation preceded consent).

contained any weapon which the officer could have reasonably believed posed a danger. "This *ipse dixit* is inadequate to reverse the district court." *United States v. Campbell*, 178 F.3d 345, 349 (5th Cir. 1999). When viewed in the light most favorable to the Government, the officer had not ruled out the possibility that the canister contained a weapon, and his opening of the canister was not beyond the scope of the *Terry* pat-down search. *See id.*

In his second issue, Cook argues that the court erred in its written judgment by ordering Cook's federal sentence to run consecutively, as opposed to concurrently, to the state sentences as announced at the sentencing hearing. When a conflict exists between the sentence orally pronounced in court and a later written judgment, the oral pronouncement controls. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). According to 28 U.S.C. § 2106, appellate courts "may affirm, modify, vacate, set aside or reverse any judgment . . . and may remand the cause and direct the entry of such appropriate judgment . . . as may be just under the circumstances." Accordingly, the district court's judgment is AFFIRMED as modified to reflect that Cook's federal term of imprisonment is to run concurrently with the related state sentences.