REVISED August 13, 2020

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2020

Lyle W. Cayce
Clerk

No. 19-50401

United States of America,

*Plaintiff—Appellee*,

*versus*

Vicente Galileo Penado-Aparicio,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-947-1

Before Stewart, Clement, and Costa, *Circuit Judges*.

Carl E. Stewart, *Circuit Judge*:

Defendant-Appellant Vicente Galileo Penado-Aparicio ("Penado") timely appeals his imprisonment sentence for illegal reentry under 8 U.S.C. § 1326. He contends that the district court vindictively resentenced him to a harsher sentence.

Penado's initial sentence was 72 months that was to run concurrently with a separate 24-month term. He appealed the 72-month sentence for violating the Ex Post Facto Clause, and the case was remanded for resentencing. On remand, the district court sentenced him to a 60-month

term but ordered that the sentence now run *consecutively* to the 24-month sentence for a total of 84 months, a year longer than the original sentence.

The record evidence supports a presumption of vindictiveness that has not been rebutted as required by Fifth Circuit case law. Plain error has been demonstrated. We therefore modify this judgment so that Penado's imprisonment terms run concurrently.

## I.

Penado, a citizen of El Salvador, is not authorized to live in the United States, and in 2012, he was removed after being convicted of illegal reentry in the District of Nevada. For this conviction, he was sentenced to 30 months' imprisonment and three years' supervised release.

*First Sentencing Hearing, Revocation Hearing, and Appeal.* In June 2016, while on supervised release, U.S. Customs and Border Patrol apprehended Penado near Carrizo Springs, Texas. Prior to this, he had not applied for legal reentry or otherwise received legal permission to reenter the United States. He was later indicted for illegally reentering the United States after removal, in violation of 8 U.S.C. § 1326(a). A jury subsequently found Penado guilty of this charge.

The probation office later submitted a presentence investigation report ("PSR") to the district court. The PSR outlined Penado's previous convictions which included convictions for domestic battery, attempted burglary, driving under the influence, battery of a custodial officer, and illegal reentry. Given Penado's criminal history, the PSR calculated an advisory guidelines range of 70 to 87 months. The recommended range was calculated using the November 1, 2016 version of the United States Sentencing Guidelines ("USSG"). Neither side objected to the PSR. At the April 2017 sentencing hearing, the district court adopted the PSR's recommended range

No. 20-30025

and sentenced Penado to 72 months of imprisonment, followed by three years of supervised release.

Immediately after the sentencing hearing, the district court held a revocation hearing to sentence Penado for violating his 2012 supervised release terms. There, it sentenced several defendants, including Penado, for similar violations. Before the court revoked the terms of that release and sentenced Penado, it stated to another defendant "I no longer have to run [sentences] concurrently. I can run them consecutively." The Government did not seek a consecutive sentence and only sought that the court sentence Penado to a within-the-guidelines range. The court sentenced Penado to a 24-month imprisonment term to run concurrently with the 72-month sentence.

Penado appealed this sentence on the grounds that the district court had violated the Ex Post Facto Clause because he was sentenced under the 2016 USSG Manual—which produced a substantially higher advisory range (70 to 87 months) than the 2015 USSG advisory range (30 to 37 months).[1] The Government agreed and filed an unopposed motion to vacate the first sentence and remand the case to the district court for resentencing. *See United States v. Penado-Aparicio*, Case No. 18-50304 (5th Cir. Nov. 29, 2018), ECF No. 35. Our court granted the motion and issued an order vacating the sentence and remanding to the district court for resentencing.

---

[1] The Ex Post Facto Clause is violated if a defendant is sentenced under a USSG manual that produces a higher range than the manual that was in effect at the time that the offense was committed. *See Peugh v. United States*, 569 U.S. 530, 544 (2013). Here, U.S. Border Patrol arrested Penado in June 2016, and at that time, the 2015 USSG were still in effect. Although the 2016 USSG were in place at sentencing, the district should have nonetheless sentenced Penado under the 2015 USSG as his criminal conduct occurred while the 2015 manual was in force.

No. 20-30025

*Second Sentencing Hearing and Instant Appeal.* On April 15, 2019, the district court resentenced Penado. No new PSR was filed prior to this hearing. During the resentencing hearing, the court was displeased and noted that it had "real heartburn" that neither party objected to the use of the 2016 USSG in the previous hearing.

The court determined that under the 2015 USSG, the advisory range would be 30 to 37 months.

After confirming the range with Penado's counsel and the Probation office, the Government argued for an above-of-the-guidelines sentence because (1) Penado already received a 30-month sentence for his 2012 illegal reentry conviction; and (2) based on his lengthy criminal history. In other words, the Government advocated for a higher sentence using the same convictions on the record from the previous sentencing hearing. During allocution with the court, Penado accepted responsibility for his illegal reentry, promised not to illegally reenter the states again, and characterized his past criminal conduct as "accident[s]" and "mistakes."

In assessing his advisory range, prior convictions which included his violent felonies, and the nature and circumstances of the offense, the court found that the advisory guidelines were not adequate. It ultimately varied from the range of 30 to 37 months and sentenced him to 60 months. This included a three-year term of supervised release, but the court made clear that the resentence would run "*consecutive* to any other sentence." The court acknowledged that the previous sentence included a 24-month concurrent sentence for violating his 2012 supervised release terms. Nevertheless, the court emphasized that it was now making a change in the nature of the concurrent sentence because "it would have been concurrent at the sentence I gave before, but it's not going to be concurrent now." There were no objections. Penado now appeals.

4

No. 20-30025

II.

Penado did not raise any objections at resentencing; in turn, we review for plain error. *United States v. Benitez*, 809 F.3d 243, 248 (5th Cir. 2015). Plain error review requires Penado to show an error that is (1) a clear and obvious one (2) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he can satisfy these requirements, this court could, in its discretion, remedy the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (alteration in original). The analysis below tracks these plain error factors.

III.

Penado challenges his remand sentence because the district court's imposition of this higher total sentence was unconstitutionally vindictive.[2]

"Due process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989). In other words, because "fear of such vindictiveness may [] deter a defendant's exercise of the right to appeal or collaterally attack his first conviction," it is considered unconstitutional for a court to vindictively sentence a defendant following a successful appeal. *Id.*

*Clear/Obvious Error*. There is a presumption that a trial court acts vindictively "whenever a judge imposes a more severe sentence upon a

---

[2] Alternatively, Penado contends that the district court reversibly erred when it exceeded the scope of our mandate order, violating the law of the case doctrine. *See United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006) (per curiam). Because we find plain error on the ground of vindictiveness, we decline to discuss Penado's alternative contention.

defendant" after a successful appeal. *Id.* at 726. If the new sentence is greater than the original sentence in its totality, then the new sentence is considered more severe. *United States v. Campbell*, 106 F.3d 64, 68 (5th Cir. 1997) (stating that under the aggregate approach, because the defendant's new sentence was less than his initial sentence, the defendant did not receive a harsher sentence); *cf. United States v. Moore*, 997 F.2d 30, 38 (5th Cir. 1993) (stating that when "the penalty on remand is not harsher than the original sentence, . . . there can be no claim at all of vindictiveness upon resentencing" (cleaned up)) (internal quotations and citation omitted).

The parties agree that because the district court imposed a more severe sentence on Penado following his successful appeal, his sentence is presumptively vindictive. Penado's remand sentence of 84 months is more severe because it is one year longer in totality compared to his original sentence of 72 months. *See Campbell*, 106 F.3d at 68. Penado is therefore entitled to the presumption of vindictiveness.

The presumption of vindictiveness may be rebutted if the sentencing court "articulate[s] specific reasons, grounded in particularized facts that arise either from *newly* discovered evidence or from events that occur *after* the original sentencing" that warrant a more severe sentence. *United States v. Resendez-Mendez*, 251 F.3d 514, 519 (5th Cir. 2001) (emphasis added). To be clear, it is the district court's responsibility to verbalize this new information in a manner that "affirmatively appear[s]" in the record and directly supports the imposition of the harsher sentence. *Pearce*, 395 U.S. at 726.

Upon review of this record, the court predicated the 60-month sentence on facts already known to it. Indeed, to justify the upward variance from the advisory range, the court relied on Penado's criminal history—which was already detailed in the initial PSR that the district court read and

relied on in imposing Penado's original sentence. These stated reasons cannot be considered "new information or subsequent occurrences that objectively support imposition of an enhanced sentence on remand." *Resendez-Mendez*, 251 F.3d at 519.

The Government's position is that such objective new information is present in the record. At oral argument, the Government pointed to the court's colloquy with Penado where he characterized his past criminal conduct as "mistakes" and argued that this allocution can be inferred as newly discovered facts. We disagree. Not only is this position without precedent but we explicitly stated otherwise in *United States v. Resendez-Mendez* that "the sentencing court's subjective discrediting of the defendant's [] ambiguous statements at allocution is objectively inadequate to rebut the presumption of vindictiveness." *Id.* at 518. The new evidence must be "particularized facts," not particularized inferences. And the record is clear that the district court was not presented with nor did it articulate any additional "particularized facts" that derived from new evidence or events. In turn, considering the absence of "newly discovered facts, changed circumstances, or post-sentencing occurrences," the presumption of vindictiveness has not been rebutted. *Id.*

Given that this presumption has been sustained, Penado was unconstitutionally sentenced. We consider this an error that clearly and obviously runs contrary to due process. *See United States v. Olano*, 507 U.S. 725, 733–34 (1993) (stating that plain error is satisfied where there is a deviation from an established legal rule at the time of appellate review).

*Effect on Substantial Rights*. "To show that an error affects a defendant's substantial rights, the defendant must show that [the error] affected the outcome in the district court," *i.e.*, the defendant "must demonstrate a probability 'sufficient to undermine confidence in the

outcome.'" *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009) (quoting *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005)). In the instant sentence, there is a reasonable probability that the error—judicial vindictiveness—affected Penado's rights enough to sufficiently undermine the outcome of his resentencing. Thus, the district court's clear and obvious error seriously affected Penado's substantial rights.

*Whether to Exercise Discretion*. The panel may exercise its discretion to correct the district court's plain error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135; *see United States v. John*, 597 F.3d 263, 288 (5th Cir. 2010) ("[U]ltimately, whether a sentencing error seriously affects the fairness, integrity, or public reputation of judicial proceedings is dependent upon the degree of the error and the particular facts of the case."). Of note, while Penado is considered a recidivist based on his criminal history, the Supreme Court has held that recidivism can no longer weigh against the exercise of discretion and "expects relief to ordinar[il]y be available to defendants in sentencing cases when the first three prongs were met." *United States v. Urbina-Fuentes*, 900 F.3d 687, 699 (5th Cir. 2018) (cleaned up) (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018)).

It is the constitutional nature of the error here that merits its correction. Our precedent identifies constitutional errors as errors more readily found to affect seriously the fairness, integrity, and public reputation of judicial proceedings. *See United States v. Knowles*, 29 F.3d 947, 951 (5th Cir. 1994) (stating that "we have long held that, under the plain error inquiry, errors of constitutional dimension will be noticed more freely than less serious errors."). Additionally, Penado's remedy—reforming the consecutive nature of his sentence—is a straightforward sentencing judgment modification. *See* 28 U.S.C. § 2106 (authorizing "any . . . court of appellate jurisdiction" to "modify, vacate, set aside or reverse any

judgment"). This remedy does not require retrying Penado or remanding the case back to square one. Granting appellate relief to Penado only requires that we exercise our appellate authority to modify the consecutive sentencing designation so that his sentence runs concurrent with his revocation sentence. *Id.*; *cf. United States v. Cook*, 670 F. App'x 326, 328 (5th Cir. 2016) (per curiam) (exercising § 2106 authority to modify judgment to "to reflect that [defendant]'s federal term of imprisonment is to run concurrently with the related [] sentences"). More importantly, granting his request will effectively eliminate any perception of a potential constitutional error. *See Rosales-Mireles*, 138 S. Ct. at 1907–08 (explaining that courts should correct plain errors when necessary to "maintain[] public perception of fairness and integrity in the justice system").

Accordingly, we hold that exercising our discretion here is warranted by controlling circuit precedent.

## III.

For the foregoing reasons, the district court plainly erred in ordering the instant sentence to run consecutive to Penado's revocation sentence. We therefore exercise our appellate authority, under 28 U.S.C. § 2106, to modify the judgment to reflect that Penado's 60-month term of imprisonment is to run concurrently with his 24-month revocation sentence.