**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4786**

UNITED STATES OF AMERICA,

   Plaintiff – Appellee,

 v.

JOSEPH KELVIN ABERANT,

   Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:17-cr-00025-BO-1)

Argued: October 28, 2021       Decided: November 18, 2021

Before MOTZ, KING, and HARRIS, Circuit Judges.

Vacated and remanded for further proceedings consistent with this opinion by unpublished per curiam opinion.

**ARGUED:** Richard Croutharmel, Raleigh, North Carolina, for Appellant. Lucy Partain Brown, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2017, Joseph Kelvin Aberant pled guilty to possession of a firearm and ammunition as a convicted felon and making a false and fictitious statement to a firearms dealer during acquisition of a firearm. The district court sentenced him to 200 months imprisonment, a downward variance from the 262 to 327 months guideline range. Aberant appealed and this court vacated that sentence as procedurally unreasonable because the district court failed to expressly address Aberant's motion for a downward variance or provide any explanation for the selected sentence. *See United States v. Aberant*, 741 F. App'x 905, 910 (4th Cir. 2018). On remand, the district court increased Aberant's sentence from 200 to 262 months. Aberant appeals, arguing that this increased sentence triggers the presumption of vindictiveness, which went unrebutted because the district court offered no valid reasons for imposing a harsher sentence on remand. We agree. For the reasons that follow, we vacate and remand for resentencing before another district judge.

## I.

On remand, in 2019, the district court held a resentencing hearing for Aberant, relying on the same PSR at that hearing that the prosecution used at the original sentencing. The government read a letter from Aberant's daughter to the court, in which she said she "couldn't find the courage or the strength" to speak to the impact of Aberant's crime on her and her family at the original sentencing. In the letter, she attested to the ongoing trauma that Aberant's violence toward her and her boyfriend has caused. She also expressed fear as to what would happen to her family upon Aberant's eventual release from prison.

The government requested that the district court give Aberant the same sentence of 200 months on remand. Aberant asked for a downward variance from that sentence. The district court rejected both arguments and sentenced Aberant to 262 months. The court stated that it did so because:

> In reviewing [Aberant's] criminal history, it appears that he's a violent and dangerous person, that he committed acts of violence in the past, as his criminal record shows, aggravated battery with a deadly weapon, battery, escape from jail. I think a guideline sentence is appropriate in this case.

The government, after this minimal explanation, prompted the district court to provide additional information for increasing the sentence on remand:

> Your Honor, in light of your decision to impose a sentence greater than you did at the previous sentence, may I -- would it be fair to say that you chose to do that in part because of the defendant's allocution, his continued failure to appreciate the wrongfulness and harm his actions have caused?

The district court expressly rejected that suggestion by stating:

> No. I would say I did it because I carefully reviewed and taken into account and then guided by the panel opinion from the Fourth Circuit instructing me to explain the reasons for my sentence and that I have -- the sentence previously imposed was vacated, and having reviewed the presentence report, reviewed the 3553(a) factors, I now exercise my sentencing judgment to impose a guideline sentence rather than a downward variance. That's complete, that's my thought process and they can examine it, see if it's adequate, see if it's inadequate, or give me further instructions . . . You can appeal that to the Fourth Circuit.

In its written statement of reasons, the district court reiterated this same rationale for imposing the new sentence:

> The court imposed a sentence that was within the advisory guideline range after reviewing the Presentence Report and the sentencing factors identified at 18 U.S.C. § 3553(a). The court noted the violent nature of the instant offense and the defendant's history of violent prior convictions, finding the defendant to be a dangerous person. The court imposed a sentence at the low-end of the guideline range.

II.

Due process requires that courts protect a defendant's right to appeal by ensuring that "vindictiveness against a defendant for having successfully attacked his first conviction [] play[s] no part in the sentence he receives" on resentencing. *United States v. Ventura*, 864 F.3d 301, 310 (4th Cir. 2017) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 725 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989)). The presumption safeguards a defendant's constitutional right to appeal. "[T]he first step in determining whether a sentence violates *Pearce* and its progeny is determining whether the new sentence is actually harsher than that imposed prior to the successful appeal. And if we so conclude, we will then consider whether the defendant has demonstrated actual vindictiveness or a reasonable likelihood of actual vindictiveness." *United States v. Abed*, 3 F.4th 104, 114 (4th Cir. 2021) (internal quotation marks omitted).

The district court increased Aberant's sentence by more than five years on remand. Thus, no one disputes that the new sentence is "actually harsher," than his previous sentence. When a sentencing court increases a sentence on remand, the reasons for doing so must affirmatively appear in the record. If they do not, a presumption that the district court imposed a greater sentence for a vindictive purpose applies. *See Alabama v. Smith*, 490 U.S. 794, 798-99 (1989). "[A]ny unexplained change in the sentence is . . . subject to a presumption of vindictiveness." *Id*. at 802.

The government can rebut the presumption of vindictiveness by pointing to objective information in the record that justifies the increased sentence. For example, in *Alabama v. Smith*, the Supreme Court found dispositive that the trial court imposed a

5

harsher sentence on remand based "on evidence presented at trial, of which it had been unaware at the time it imposed [the original] sentence on the guilty plea." 490 U.S. at 797. The Court contrasted the new information relied on by the trial court in *Smith* with a situation where the same "sentencing judge [] presides at both trials [and] can be expected to operate in the context of roughly the same sentencing considerations after the second trial as he does after the first; any unexplained change in the sentence is therefore subject to a presumption of vindictiveness." *Id*. at 802.

Here, the same judge presided at both sentencing hearings and relied on the same PSR and on no new information that he could not have considered at the original sentencing. These circumstances give rise to a reasonable likelihood of actual vindictiveness and thus, the presumption applies.

### III.

Accordingly, we turn to whether the government has successfully rebutted the presumption of vindictiveness in this case. The district court did not identify affirmative information to justify an increased sentence on remand even after the government offered reasons the district court could have relied on to do so. The court referenced Aberant's criminal history in general terms, but the district court knew of that history at the time of the original sentencing.

The district court also mentioned this court's opinion vacating the original sentence to explain why it imposed an increased sentence on remand. However, that opinion does not dictate or support a harsher sentence. We merely held that the district court had failed to "expressly address the motion for a downward variance and offered no explanation for

6

the selected sentence" and we remanded for resentencing on that basis. Unlike *United States v. Williams*, where we instructed the district court to resentence in accordance with a new Supreme Court decision on remand, no change in law occurred here to justify an increased sentence. *See* 444 F.3d 250, 254-55 (2006).

On appeal, the government offers Aberant's daughter's allocution (not Aberant's own allocution) as a new reason for the district court to increase the sentence on remand. But the government never raised this argument to the district court. And the district court never mentioned the allocution as a reason for the selected sentence. Indeed, the district court said that the minimal explanation it provided for the new sentence on remand was "complete, that's my thought process and they can examine it, see if it's adequate, see if it's inadequate, or give me further instructions . . . You can appeal that to the Fourth Circuit."

The government cannot rely on a possible rationale in the record that could perhaps have justified an increased sentence when the district court expressly stated that it did not rely on those reasons in choosing a sentence.[1] "[I]t is the district court's responsibility to verbalize [the] new information [to justify the increased sentence] in a manner that affirmatively appears in the record and directly supports the imposition of the harsher

---

[1] The Fifth Circuit has rejected an argument that an allocution "can be inferred as newly discovered facts" for the purpose of justifying an increased sentence on remand to overcome the presumption of vindictiveness. *United States v. Penado-Aparicio*, 969 F.3d 521, 526 (5th Cir. 2020), *as revised* (Aug. 13, 2020); *United States v. Resendez-Mendez*, 251 F.3d 514, 518 (5th Cir. 2001). We need not decide that issue here, given that the district court expressly discounted reliance on any newly discovered facts.

sentence." *United States v. Penado-Aparicio*, 969 F.3d 521, 525 (5th Cir. 2020), *as revised* (Aug. 13, 2020) (internal quotation marks omitted).

Because the presumption of vindictiveness applies and the government has failed to rebut the presumption with objective information that justifies the increased sentence, we vacate the increased sentence.

IV.

Our decision to vacate the district court's sentence requires a remand for resentencing. In certain situations, we have reassigned a case to a different judge on remand:

> [E]ven in the absence of established bias [and we wish to emphasize, there is no such bias here], reassignment to a different judge on remand is appropriate in unusual circumstances where both for the judge's sake and the appearance of justice an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality. Specifically, we consider: (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. *United States v. Lentz*, 383 F.3d 191, 221-22 (4th Cir. 2004) (internal quotation marks omitted); *see also United States v. Martinovich*, 810 F.3d 232, 245 (4th Cir. 2016).

We have remanded this case once already for resentencing due to a lack of adequate explanation and the absence of sufficient reasons in the record to justify the district court's selected sentence.[2] Given this procedural history, the case warrants remand to a different

---

[2] *See United States v. Guglielmi*, 929 F.2d 1001, 1007 (4th Cir. 1991) *abrogated on other grounds by United States v. Pridgen*, 64 F.3d 147, 150 n.3 (4th Cir.1995). ("The procedural history of the instant case has left us convinced that, absent some affirmative (Continued)

8

judge for resentencing.  Assignment to a different judge will serve "the public interest, especially as it minimizes even a suspicion of partiality."  *Id*.

V.

Accordingly, we vacate and remand for resentencing.  We also direct that this case be assigned to a different judge on remand.  For the foregoing reasons, the judgment of the district court is

*VACATED AND REMANDED*
*FOR FURTHER PROCEEDINGS*
*CONSISTENT WITH THIS OPINION.*

---

act on our part, we shall be locked in an endless cycle of remands and renewed appeals that will move us no closer to discerning a meaningful exercise of the sentencing judge's discretion, but will rather serve only to effect adversely the relationship of this circuit and its district courts.").